UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case Nos.:   3:05cr71/MCR/CJK
                                                                        3:16cv143/MCR/CJK

CHRISTOPHER SCOTT WEAVER

---

**ORDER**

Defendant Christopher Scott Weaver filed a Motion to Correct Sentence Under 28 U.S.C. § 2255, contending that he is entitled to sentencing relief based on Johnson v. United States, 135 S.Ct. 2551 (2015).  (ECF Nos. 40).  The Government responded in opposition, Defendant replied, and in response to the magistrate judge's order, the Government has now filed a response in which it concedes that Mr. Weaver is entitled to relief.  (ECF Nos. 44-47).

Mr. Weaver pleaded guilty to a single charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (ECF Nos. 2, 18).  The Court found Mr. Weaver to be an Armed Career Criminal based on two prior Florida convictions for burglary and one prior conviction for robbery.  Pursuant to the Armed

Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.  18 U.S.C. § 924(e)(1).  The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*."  18 U.S.C. § 924(e)(2)(B)(i) and (ii).  An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.  The Court sentenced Mr. Weaver to a term of 180 months imprisonment followed by five years of supervised release.  (ECF Nos. 26, 27). Absent the application of the ACCA enhancement, Mr. Weaver would have faced a maximum sentence of ten years imprisonment, which he has already served.  *See* 18 U.S.C. § 924(a)(2).

In <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague.  <u>Johnson</u>, 135 S.Ct.

Case Nos.: 3:05cr71/MCR/CJK; 3:16cv143/MCR/CJK

at 2563.  Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.  The Government concedes that in light of <u>Mathis v. United States</u>, ___ S.Ct. ___, Case No. 15-6092, 2016 WL 3434400 (2016), convictions under the non-divisible Florida burglary statute are no longer proper ACCA predicates.  (ECF No. 47).   Therefore, Mr. Weaver no longer has the three requisite predicate convictions to support the application of the ACCA enhancement (*see* ECF No. 48, PSR), and he is entitled to be resentenced.

Accordingly it is **ORDERED**:

1. Defendant Weaver's Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 40) is **GRANTED.**

2. Effective the 11th day of July 2016, Christopher Scott Weaver's term of incarceration is reduced from **180 months** to **time served**, and his sentence of supervised release is reduced from **5 years** to **3 years**.  Due to the consented nature of the motion and the time sensitive nature of the relief, the clerk, with the assistance of the probation office, is directed to immediately enter an amended Judgment and an amended Statement of

Reasons reflecting this change.  All other provisions of the Court's

Judgment and Sentence imposed on March 23, 2006 (ECF No. 26) shall

remain in full force and effect.

**DONE AND ORDERED** this 11th day of July 2016.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case Nos.: 3:05cr71/MCR/CJK; 3:16cv143/MCR/CJK